1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Violet Elizabeth Grayson
(SB # 122611)
270 Ninth Avenue
San Francisco, CA 94118
vegrayson@gmail.com
(646) 406-1512

Attorney for Plaintiff
James R. Zuegel

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JAMES R. ZUEGEL,
*Plaintiff,*

v.

GARCIA ET AL.,
*Defendants.*

No. 5:21-cv-07538

**MEMORANDUM IN SUPPORT OF RULE 59/60 MOTION**

Date: November 17, 2022
Time: 9 a.m.
Department: Courtroom 3
Judge: Honorable Beth Labson Freeman

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................... i

TABLE OF AUTHORITIES ......................................................... ii

MEMORANDUM IN SUPPORT OF RULE 59/60 MOTION ....................... 1

Introduction ........................................................................... 1

Argument ............................................................................... 3

  I.  Zuegel's Right to File a Federal Habeas Petition Expired When His Probation Ended .................................................. 3

  II.  Issue Preclusion Does Not Bar This Action ........................... 5

  III.  Zuegel Was Diligent in His Efforts to Clear His Good Name ........... 9

    A.  Legal Principles of "Diligence" Requirement ..................... 9

    B.  James Zuegel has been Diligent in Efforts to Vindicate His Good Name ........................................................... 13

  IV.  The Rule of *Spencer v. Kemna* Extends to Attacks on Judgments of Conviction .................................................. 14

Conclusion .......................................................................... 20

# TABLE OF AUTHORITIES

Page

**Cases:**

*Agua Caliente Band of Cahuilla Indians v. Riverside Cnty.*
181 F. Supp. 3d 725 (C.D.CA 2016) ...................................................... 17

*Barapind v. Enomoto*
400 F.3d 744 (9th Cir. 2005) .............................................................. 18

*Boone v. City of L.A.*
2013 U.S. Dist. LEXIS 198451 (C.D.Cal. Case No. LA
CV12–09301 JAK (CWx) September 25, 2013) .................................... 19

*Coleman v. Quaker Oats*
232 F.3d 1271 (9th Cir. 2000) ........................................................... 8

*Garity v. APWU Nat'l Labor Org.*
828 F.3d 848 (9th Cir. 2016) ............................................................. 6

*Guerrero v. Gates*
442 F.3d 697 (9th Cir. 2006) ......................................................... 9, 10

*Heggem v. Holmes*
Case No. C10–1997-RSM-MAT, 2011 U.S. Dist. LEXIS 154814
(D.W.WA December 9, 2011) ........................................................... 2, 11

*Heggem v. Holmes*
Case No. C10–1997-RSM-MAT, 2012 U.S. Dist. LEXIS 56015
(D.W.WA April 20, 2012) ................................................................ 2, 11

*Maleng v. Cook*
490 U.S. 488 (1989) .......................................................................... 3

*Manunga v. Superior Court*
635 F.App'x 360 (9th Cir. 2015) ......................................................... 4

*Martinez v. Lockyer*
453 F.Supp.2d 1150 (C.D. Cal. 2006) ............................................... 3, 4

*Nonnette v. Small*
316 F.3d 872 (9th Cir. 2002) ..................................................... 14, 15, 17

*Paulo v. Holder*
669 F.3d 911 (9th Cir. 2011) .............................................................. 6

*Resenciz v. Kovensky*
    416 F.3d 952 (9th Cir. 2005) ...................................................... 4

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*
    824 F.3d 116 (9th 2016) ............................................................ 6

*Selivanov v. Beccera*
    754 F.App'x 627 (9th Cir. 2019) .............................................. 4

*Semtek Int'l Inc. v. Lockheed Martin Corp.*
    531 U.S. 497 (2001) ................................................................. 6

*Sibron v. New York*
    392 U.S. 40 (1968) .................................................................... 4

*Spencer v. Kemna*
    523 U.S. 1 (1998) .......................................................... *passim*

*Taylor v. Sturgell*
    553 U.S. 880 (2008) ................................................................. 5

*Thomason v. Marshall*
    2019 U.S. Dist. LEXIS 78652 (M.D. AL Northern Div. Case No.
    2:19cv160-WHA decided May 8, 2019) ...................................... 3

*United States v. Anekwu*
    695 F.3d 967 (9th Cir. 2012) .................................................. 18

*Wesbecher v. Landaker*
    Case No. CIV S-01-2410 FCD DAD P, 2008 U.S. Dist. LEXIS
    51883 (E.D. Cal. July 1, 2008) .............................................. 10

**Statutes:**

42 U.S.C. § 1983 ........................................................................ 20

**Court Rules:**

Fed. R. Civ. P., rule 59 ............................................................... 1

Fed. R. Civ. P., rule 60 ............................................................... 1

## Memorandum in Support of Rule 59/60 Motion

## Introduction

Plaintiff James R. Zuegel brings this motion pursuant to Federal Rule of Civil Procedure 59(e) (relief from judgment) and Federal Rule of Civil Procedure 60 (relief from judgment or order), requesting that this Court revisit the reasoning of its July 20, 2022 order (hereafter "Order") and vacate its August 10, 2022 judgment.[1] As Justice Souter wrote in *Spencer v. Kemna*, 523 U.S. 1 (1998):

> [A] former prisoner, no longer "in custody," may bring a §1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy. Thus, the answer to Spencer's argument that his habeas claim cannot be moot because *Heck* bars him from relief under § 1983 is that *Heck* has no such effect. *After the prisoner's release from custody, the habeas statute and its exhaustion* requirement have nothing to do with his right to any relief.

(*Spencer*, 523 U.S. at 21; emphasis added.)

Thus, there is no requirement that an individual no longer in custody pursue a federal habeas corpus petition before filing a section 1983 civil rights action for damages. Moreover, such "a section 1983 action

---

[1]   The motion is timely under Rule 59 because it was filed within 28 days of entry of the judgment. (See Rule 59(b)) It is timely under Rule 60 because it was filed within a "reasonable time" not more than one year after the judgment or order.

establishing the unconstitutionality of conviction or confinement" accrues when custody ends, and the *Heck* bar is thereby lifted. (*Heggem v. Holmes,* 2011 U.S. Dist. LEXIS 154814 (D.W.WA Case No. C10–1997-RSM-MAT decided December 9, 2011) * 9; Magistrate Judge's recommendation adopted *Heggem v. Holmes*, 2012 U.S. Dist. LEXIS 56015 (D.W.WA Case No. C10–1997-RSM-MAT decided April 20, 2012)) Finally, it bears emphasis that under the express language of Justice Souter's opinion in *Spencer,* the right of a person released from custody to file a section 1983 action extends to persons challenging the constitutionality of their convictions, and not merely to persons challenging more minor matters such as good-time credits:

> [A] former prisoner, no longer "in custody," may bring a section 1983 action establishing the *unconstitutionality of a conviction* or confinement without being bound to satisfy a favorable-termination requirement that would be impossible to satisfy as a matter of law.

(*Spencer*, 523 U.S. at 2; emphasis added.)

Notwithstanding the foregoing case law, this Court has dismissed Plaintiff Zuegel's instant timely section 1983 action (hereafter '*Zuegel II*.") Plaintiff respectfully requests that this Court revisit its legal reasoning, which goes beyond the reasoning advanced by Defendants, and was not

thoroughly explored through briefing and oral argument. For the reasons set forth below, the case should not have been dismissed, and the resulting judgment should be vacated.

## Argument

### I. Zuegel's Right to File a Federal Habeas Petition Expired When His Probation Ended

The law in this Circuit is clear that when probation or parole ends, so does the right to file a federal habeas corpus petition, *regardless of any collateral consequences of conviction.* The law is neatly summarized in *Martinez v. Lockyer*, 453 F.Supp.2d 1150 (C.D. Cal. 2006):

> Pursuant to 28 U.S.C. section 2241(c)(3), a petitioner must be "in custody" in order to obtain relief in a habeas corpus proceeding. The custody requirement is satisfied if the petitioner is "in custody" when the petition is filed. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). A petitioner on parole[2] is deemed to be in custody for purposes of a habeas corpus proceeding. *Jones v. Cunningham,* 371 U.S. 236, 237–243 (1963). A habeas petitioner is not in custody, however, when the sentence imposed for the challenged conviction has fully expired at the time the habeas petition is filed. *Maleng v. Cook,* 490 U.S. 488, 492 (1989) (per

---

[2]  No distinction is drawn between expiration of probation and expiration of parole for purposes of the final date to file a federal habeas corpus petition. (See *Thomason v. Marshall*, 2019 U.S. Dist. LEXIS 78652 (M.D. AL Northern Div. Case No. 2:19cv160-WHA decided May 8, 2019), citing United States Supreme Court opinion in *Maleng v. Cook*, 490 U.S. 488, 491 (1989), for proposition that "A petitioner is considered 'in custody'" for purposes of habeas jurisdiction while he is on probation or parole. [] Where a habeas petitioner's sentence has expired, he does not meet the 'in custody' requirement."

curiam). Further, once the petitioner is unconditionally released, the collateral consequences of the conviction are not sufficient to render the petitioner in custody for the purposes of a habeas petition. *Maleng,* 490 U.S. at 492.

(*Martinez*, 453 F.Supp.2d at 1152, parallel citations omitted. Order of Magistrate Judge adopted 453 F. Supp. 2d 1150 (C.D. Cal. 2006))

More recent Ninth Circuit cases confirm that the "in custody" requirement for filing a federal habeas corpus petition applies regardless of whether collateral consequences of the conviction persist. (See *Selivanov v. Beccera*, 754 F.App'x 627 (9th Cir. 2019); *Manunga v. Superior Court*, 635 F.App'x 360 (9th Cir. 2015); *Resenciz v. Kovensky*, 416 F.3d 952, 955 et seq. (9th Cir. 2005)) The 1968 United States Supreme Court's 1968 opinion in *Sibron v. New York*, 392 U.S. 40, 55 (1968), is distinguishable insofar as that case involved mootness on direct appeal rather than the "in custody" requirement for a habeas petition.

As for the discussion of collateral consequences in Justice Scalia's opinion in *Spencer*, 523 U.S. at 7 et seq., this discussion concerned only the question of whether, where a party filed a federal habeas petition while in custody, collateral consequences preserved the petition from mootness if the party was released from custody while the federal habeas petition remained pending. What is more, Justice Scalia concluded that the collateral consequences in *Spencer* did *not* prevent mootness. Thus, nothing in

*Spencer* supports the proposition that a presumption of collateral consequences preserved Zuegel's right to file a federal habeas corpus petition after his probation terminated.

## II. Issue Preclusion Does Not Bar This Action

This Court's opinion and order of July 20, 2022 correctly rejects Defendants' argument that the instant suit is barred by *res judicata.* Nevertheless, the order states that "there is a serious possibility" that Zuegel waived his argument under *Spencer, supra,* regarding lifting of the *Heck*-bar, as a function of "issue preclusion." (See Order at 9) Zuegel respectfully contends that issue preclusion does not apply here. As the United States Supreme Court explained in *Taylor v. Sturgell*, 553 U.S. 880 (2008):

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.

(*Taylor*, 553 U.S. at 892)

As set forth above by the United States Supreme Court, issue preclusion is a species of *res judicata.* This Court correctly held (Order pp. 6–8), that

dismissal of certain claims in *Zuegel I* as *Heck*-barred was not *res judicata* because the *Heck* dismissal, implicitly without prejudice, was not on the merits. (Opinion at 8, citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001), for proposition that dismissal without prejudice is not a judgment on the merits for purposes of *res judicata*. See also *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 116, 1168 (9th 2016), holding that absent adjudication of issue on its merits, judgment has no *res judicata* preclusive effect, even where prior dismissal was "with prejudice.")

The Ninth Circuit has expressly held that the requirement of "a final judgment on the merits" applies to issue preclusion as it does to claim preclusion. (See *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 858 n.8 (9th Cir. 2016).) *Paulo v. Holder*, 669 F.3d 911 (9th Cir. 2011), is not to the contrary. *Paulo,* like *Garity*, expressly holds that issue preclusion requires "a final judgment on the merits." (*Id.* at 917.) To the extent that this Court's dismissal of certain *Heck*-barred claims was not on the merits, the doctrine of issue preclusion does not bar those claims in this action.

Plaintiff further takes this opportunity to address the Court's suggestion that, when his probation expired on September 29, 2019, he should have brought an interlocutory motion for reconsideration under Local Rule 7–9, seeking leave to file a Third Amended Complaint reasserting the claims previously dismissed as *Heck*-barred. This suggestion is included in this Court's discussion of issue preclusion. (Opinion at 9) As set forth above, the doctrine of issue preclusion does not apply because the prior dismissal was

not on the merits. Moreover, entertaining the previously *Heck*-barred claims in a separate action makes better sense than imposing a retroactive requirement that the claims be added to *Zuegel I*.

As a practical matter, when Zuegel's probation expired on September 30, 2019, his counsel was not familiar with the *Spencer* line of cases that form the basis for this action. Counsel Grayson only came across them in researching issues for Zuegel's Ninth Circuit cross-appeal. (Grayson Dec. ¶ 3) Even if counsel Grayson had been aware of the *Spencer* line of cases when Zuegel's probation expired on September 30, 2019, this would have been very late in the game to add back the previously *Heck*-barred claims.

The case had been on-going since June 6, 2017. (Zuegel Dec. ¶ 3) The last date for amendments, set by the scheduling order of February 8, 2018, was 60 days thereafter (i.e. April 9, 2018). (D.E. 34; Grayson Dec. Exh. 1) The claims that were dismissed as *Heck*-barred were dismissed on April 19, 2018. (D.E. 40; Grayson Dec. Exh. 3) By the time that Zuegel completed his probation on September 30, 2019, most discovery had been completed, and the parties faced a discovery cut-off of February 7, 2020, just four months and one week later. (See D.E. 37; Grayson Dec. ¶4 and Exh. 2) The discovery completed had focused on the claims that remained in the case following adjudication of motions to dismiss, primarily Fourth Amendment claims involving warrantless entry into the Zuegel residence, and allegations that the police had deliberately arrested Zuegel on a Sunday night to ensure that he spent a night in jail. (Grayson Dec. ¶ 5) If the

claims previously dismissed as *Heck*-barred were reinstated, completely different discovery (*vis,* depositions of the allegedly molested minor, her mother, her friend, and Mountain View YMCA staff) would have been required. (*Ibid.*) The face of the case would have been transmogrified.

Defendants would presumably have opposed a motion to reinstate the *Heck*-barred claims if it was filed in October of 2019. Such opposition would have been meritorious because Defendants would have been prejudiced by transmogrification of the case after most discovery was completed, and when the discovery cut-off was fast approaching. (See *Coleman v. Quaker Oats*, 232 F.3d 1271 (9th Cir. 2000) (leave to amend properly denied where original amendment deadline had passed, and amendment would have added new theories likely requiring reopening of discovery and delay of proceedings.)) Such an amendment would have been in no way comparable to the amendment requested in April of 2020 and permitted in June of that year, over Defendants' Opposition. The 2020 Third Amended Complaint introduced no new claims and merely: (a) deleted dismissed claims, and (b) added new factual details to the surviving claims, in the form of deposition testimony. (See Grayson Dec. ¶ 7 and Exhs. 4 (D.E. 70) and 5 (D.E. 75).) Thus, the more reasonable approach was to leave the causes of action in *Zuegel I* as they stood in the autumn of 2019, complete discovery and trial in the case, and bring the claims that arose as a consequence of expiration of Zuegel's probation in a new case within the statute of limitations. (Grayson Dec. ¶8)

Plaintiff further notes that certain facts important in the instant case only became known to him during the trial of *Zuegel I*. During that trial, Officer Patrick Ward testified that he did not seek a warrant before entering onto Zuegel's property on June 7, 2015, because he knew that he did not have enough evidence to constitute probable cause for a warrant. (Complaint ¶ 39) Insofar as Officer Ward and his fellow officer, Britton Moore, gained no new incriminating information during their ensuing interaction with Zuegel at his home, they clearly lacked probable cause when they arrested him. (See Complaint ¶¶ 40–41) This new information, gained during the trial of *Zuegel I*, is important for the instant Complaint, *Zuegel II*. It is one more reason why Zuegel's claim that he was arrested without probable cause was more appropriately brought as a separate complaint, after completion of *Zuegel I,* but within the statute of limitations.

## III.   Zuegel Was Diligent in His Efforts to Clear His Good Name

### A.   Legal Principles of "Diligence" Requirement

The "diligence" requirement imposed upon plaintiffs seeking to avail themselves of the doctrine enunciated by Justice Souter in *Spencer*, 523 U.S. at 18–21, lifting the *Heck*-bar for persons no longer able to pursue habeas corpus, appears to have originated in the case of *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006). In imposing this requirement, the Ninth

Circuit cites to Justice Souter's opinion in *Spencer,* which discusses Plaintiff's diligent pursuit of post-conviction remedies as demonstrating the unfairness of depriving him of relief under Section 1983, but does not impose any diligence requirement as a prerequisite to such relief.[3]

The nature of the diligence requirement *Guerrero* imposed is unclear. *Guerrero* states that "timely pursuit of available remedies" is required, but does not specify the remedies that must be timely pursued. (*Guerrero*, 442 F.3d at 704) The plaintiff in *Guerrero* clearly did not timely pursue available remedies insofar as he pursued no remedies whatsoever during his three years of imprisonment. (*Id.*)[4] But this does not answer the question of what remedies a diligent plaintiff is required to pursue. This Court's opinion of July 20, 2022 may imply that a plaintiff seeking relief from *Heck's* bar, following expiration of his sentence, must pursue federal habeas remedies as well as state habeas remedies. Yet there is no legal

_____

[3]    What is more the diligence requirement imposed by *Guerrero* is *dicta* if one assumes that *Heck's* bar does not lift as to attacks on a judgment of conviction, as opposed to good time credits, prison discipline, etc.; *Guerrero* was attacking his underlying conviction. Nevertheless, for the reasons explained *infra,* Plaintiff contends that the relief afforded by *Spencer* should not be construed so narrowly.

[4]    The Plaintiff in *Wesbecher v. Landaker,* 2008 U.S. Dist. LEXIS 51883 (E.D. Cal. Case No. CIV S-01-2410 FCD DAD P, decided July 1, 2008) likewise cannot be said to have diligently pursued remedies because, although he did file two federal habeas petitions, they were both dismissed for failure to comply with court orders and rules. (*Id.* at * 14–15) Moreover, the discussion of diligence in *Wesbecher* is *dicta* because Wesbecher, being on parole, was constructively still "in custody" and therefore still able to file a federal habeas petition. (*Id.* at * 13)

authority for this proposition. On the contrary, the only case on point that Plaintiff's counsel has located, *Heggem v. Holmes, supra,* did *not* find the section 1983 claim barred for lack of diligence where the plaintiff previously pursued his habeas remedies through the state court system, but did not file a federal habeas petition when he had only two weeks left prior to his release, after the state habeas proceedings terminated with a final order of the Washington Supreme Court. The District Court opined:

> Although [Defendant] chides plaintiff for taking too long to file in state court, it is clear that plaintiff sought relief before the state appellate court and the state supreme court, the state courts did not deem any of his challenges untimely, and exhaustion of state remedies is a prerequisite to filing of a federal habeas petition.

(*Heggem v. Holmes,* 2011 U.S. Dist. LEXIS 154814 (D.W.WA Case No. C10–1997-RSM-MAT decided December 9, 2011) * 9; Magistrate Judge's recommendation adopted *Heggem v. Holmes,* 2012 U.S. Dist. LEXIS 56015 (D.W.WA Case No. C10–1997-RSM-MAT decided April 20, 2012) The case here is similar to *Heggem* in that: (a) Plaintiff pursued his state habeas remedies to their conclusion in the state's Supreme Court, (b) the state courts did not deem the habeas petitions untimely, and (c) Plaintiff, having only a short time remaining after exhaustion of state court habeas and before expiration of his probation, he did not file a federal habeas petition.

Even more important than the *Heggem* opinion, however, is the language of Justice Souter's opinion in *Spencer v. Kemna*:

> [A] former prisoner, no longer "in custody," may bring a §1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy. Thus, the answer to Spencer's argument that his habeas claim cannot be moot because *Heck* bars him from relief under § 1983 is that *Heck* has no such effect. *After the prisoner's release from custody, the habeas statute and its exhaustion requirement have nothing to do with his right to any relief.*

(*Spencer*, 523 U.S. at 21; emphasis added; emphasis added.)

The foregoing language excludes any possibility that the "diligence" requirement created by the Ninth Circuit in *Guerrero,* can be interpreted to require compliance with the federal habeas statute, or filing of a federal habeas petition, as a prerequisite to maintenance of a section 1983 action following release from custody. What diligence, then, does *Guerrero* require? How should the word "diligence" be interpreted in this context?

One obvious answer is to afford "diligence" its ordinary English-language dictionary definition. The primary definition of "diligence" found in the Merriam Webster Dictionary is "steady, earnest, and energetic effort**:** devoted and painstaking work and application to accomplish an undertaking **:** ASSIDUITY." A second, specifically legal definition is "the attention and care legally expected or required of a person (such as a party to a contract)." Applying this dictionary definition, Plaintiff Zuegel was, as set forth below, diligent in his legal efforts to reclaim his good name.

## B. James Zuegel has been Diligent in Efforts to Vindicate His Good Name

As set forth in greater detail in the accompanying Declaration of James R. Zuegel, Plaintiff has been steady, earnest, energetic, devoted, and painstaking in his efforts to vindicate his good name through litigation. In a word, he has been diligent. He contacted a total of twelve lawyers in the hope of retaining one to file his federal civil rights case. (Zuegel Dec. ¶ 3) When he was unable to retain counsel before the statute of limitations ran out, he filed a complaint *in propria persona*. (*Ibid.*) After Zuegel retained counsel, he pursued his case through jury trial to judgment. (Zuegel Dec. ¶ 8) In doing so, he placed at risk hundreds of thousands of dollars of his own money, not to mention his own time. (*Ibid.*) He is now pursuing his cross-appeal regarding dismissal of certain issues before trial. (*Ibid.*)

At the same time that Zuegel was litigating his civil rights action in federal court, he also pursued habeas corpus in state court. He pursued habeas corpus from the Superior Court to the Court of Appeal to the California Supreme Court. (Zuegel Dec. ¶ 6)

Most recently, Zuegel filed this follow-on action to resolve the probable cause issue that remained unresolved even after the jury trial in his original federal civil rights action. (Zuegel Dec. ¶¶ 9–11) When the Court dismissed this action, he authorized the filing of the instant Rule 59/60

motion asking the Court to revisit its legal reasoning and vacate the resulting judgment. (Zuegel Dec. ¶ 12) Zuegel has, in short, been eminently diligent in his pursuit of vindication.

## IV. The Rule of *Spencer v. Kemna* Extends to Attacks on Judgments of Conviction

We turn now to the question that this Court's July 20, 2022 decision left unanswered, to wit whether only post-release challenges to "loss of good time credits, revocation of parole or similar matters" are cognizable when the *Heck*-bar lifts, as stated in footnote 7 of *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), or whether, alternatively, challenges to "unconstitutionality of a conviction" are also cognizable when the *Heck*-bar lifts, as stated by Justice Souter in *Spencer*, 523 U.S. at 21. The answer to this question is that Justice Souter's opinion in *Spencer* controls over the *Nonnette* footnote which stands in conflict with not only *Spencer,* but also other Ninth Circuit opinions, and is unreasoned and unnecessary *dicta* to boot.

*Nonnette's* footnote seven reads as follows:

> We do not share the State's concern that our holding will encourage prisoners to delay their challenges to loss of good-time credits until their release is imminent or accomplished. The possibility of release from incarceration is the strongest incentive for prisoners to act promptly to challenge such administrative action by habeas corpus after administrative remedies are exhausted. We also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences

does not change upon release, because they continue to be able to petition for a writ of habeas corpus. *See Spencer*, 523 U.S. at 7–12.

(*Nonnette v. Small*, 316 F.3d at 878 n.7)

As quoted above, *Nonnette* footnote seven states that "the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus," and cites Justice Scalia's opinion in *Spencer* at 7–12 for this proposition. Justice Scalia's opinion does not, however, stand for this proposition. On the contrary, it merely holds that Spencer's habeas petition was cognizable when filed because "Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires." (*Spencer*, 523 U.S. at 7) Justice Scalia's opinion goes on to opine that after Spencer was released from custody, his habeas petition became moot. (*Id.*) If Justice Scalia *had* opined that a convicted person could file a cognizable habeas petition challenging his conviction following release from custody, that would have placed Justice Scalia's opinion in conflict with all of the Ninth Circuit opinions cited in Argument Section I of this brief, holding exactly the opposite. But Justice Scalia's opinion did not so state. What is more, it is not a controlling majority opinion.

As this Court recognized in its July 20, 2022 decision (page 11), Justice Souter's *Spencer* opinion, rather than Justice Scalia's *Spencer* opinion,

controls where the right to proceed with a section 1983 action following expiration of custody is concerned. As previously noted, Justice Souter's opinion expressly extends the right to proceed with a section 1983 action to persons challenging "unconstitutionality of a conviction." (*Spencer*, 523 U.S. at 21.) This is not merely an out-of-context snippet; it is the rational culmination of Justice Souter's entire argument. Justice Souter observed that he "read the 'general' §1983 statute in light of the 'specific' habeas statute [], which applies only to persons 'in custody' [], and requires them to exhaust state remedies." (*Spencer*, at 20) As long as an individual had a habeas remedy available, the *Heck* bar served to "avoid collisions at the intersection of habeas and §1983." (*Id.*.) Once the same person is no longer in custody, and no longer has a habeas remedy available, however, the *Heck* bar must lift "lest the plain breadth of §1983 be unjustifiably limited at the expense of persons not in custody within the meaning of the statute." (*Id.*)

Having explained himself thus, Justice Souter concluded that a "former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality *of a conviction or confinement* without being bound to satisfy a favorable-termination requirement . . . " (*Spencer*, 523 U.S. at 2; emphasis added.) There is absolutely nothing in Justice Souter's *Spencer* opinion that could justify excluding attacks on convictions. Excluding attacks on convictions would run contrary to the express language of the opinion, not to mention its rationale, preserving the "plain breadth of § 1983."

Clearly, *Nonnette's* footnote seven stands in conflict with Justice Souter's opinion in *Spencer,* which expressly authorizes a section 1983 attack upon a *conviction* by a person who has been released from custody. This Court is bound by Justice Souter's opinion, which represents five members of the High Court. This Court is not, however, bound by *Nonnette's* footnote seven because footnote seven is *dicta* and not even well reasoned *dicta.*

As stated in *Agua Caliente Band of Cahuilla Indians v. Riverside Cnty.*, 181 F. Supp. 3d 725 (C.D.CA 2016):

> A district court is not bound by *dicta* from an appellate court decision. *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 737, 127 (2007) (courts "are not bound to follow . . . dicta in a prior case in which the point now at issue was not fully debated.") (internal citation and quotation marks omitted); *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 805 (9th Cir. 2012) ("A hypothetical that is unnecessary in any sense to the resolution of the case . . . does not make precedential law. Accordingly, it is not binding."); *Humphrey's Ex'r v. United States*, 295 U.S. 602, 627 (1935) ("[E]xpressions [of the court] beyond the point involved . . . do not come within the rule of stare decisis [and] dicta . . . may be followed if sufficiently persuasive but . . . are not controlling.").

(*Agua Caliente*, 181 F. Supp. 3d at 729; parallel citations omitted.)

Footnote seven of the *Nonnette* opinion is clearly *dicta* because Plaintiff Nonnette alleged miscalculation of his prison sentence, wrongful revocation of good time credits, and wrongful administrative segregation, but did not attack his underlying conviction. (*Nonnette v. Small*, 316 F.3d at 874) Thus, the *Nonnette* Court's footnote discussion about what rule would be applied

17

to a released prisoner challenging a conviction was entirely hypothetical. (See *United States v. Anekwu*, 695 F.3d 967, 975 (9th Cir. 2012), quoting *Barapind v. Enomoto*, 400 F.3d 744, 759 (9th Cir. 2005), for proposition that "discussions that are unnecessary to a decision [are] dicta.") Footnote seven had no impact whatever on the outcome in *Nonnette,* making that footnote *dicta.* It was not even well reasoned *dicta* insofar as it relied exclusively upon Justice Scalia's opinion in *Spencer,* which, as discussed above, did not in fact support the reasoning of the footnote.

In light of the above, Plaintiff respectfully advocates that this Court follow the language of Justice Souter's *Spencer* opinion rather than the language of *Nonnette* footnote seven. Doing so would not place this Court isolated out on a limb, but would instead place this Court in the company of Judge Thelton Henderson and Judge Edward Chen, both of this District, who have, to quote this Court's July 20, 2022 Opinion "rejected a strict interpretation of the footnote in *Nonnette.*" (Opinion at 13) As this Court observed:

> The courts hold that the footnote was merely "distinguishing claims that ex-prisoners can continue to assert on habeas once they are released [from custody] from claims that prisoner's release renders moot." *Beckway v. DeShong,* 717 F.Supp.2d 908, 917 (N.D. Cal. 2010 [Henderson, J.] (allowing plaintiff who pleaded no contest to proceed with § 1983 claims under *Spencer* because he was "never incarcerated" and so "habeas is unavailable to him); *Cole v. Doe I Thru 2 Officer of the City of Emeryville Police Dep't,* 387 F.Supp.2d 1084, 1092–93 & n. 2 (N.D. Cal. 2005 [Chen, J.] (rejecting narrow interpretation of the

footnote because "the Ninth Circuit's focus in *Nonnette* was on the availability of the habeas remedy," not on the form of the underlying claims.

The viewpoints of the two Northern District of California judges is echoed by a Central District of California judge in *Boone v. City of L.A.*, 2013 U.S. Dist. LEXIS 198451 (C.D.Cal. Case No. LA CV12–09301 JAK (CWx) decided September 25, 2013) that holds:

> Defendants read *Nonnette* narrowly, contending that it applies only to the specific circumstance of a former prisoner challenging the loss of good-time credits, revocation of parole or similar matters. Dkt. 70, p. 1. This argument is unpersuasive. The decision is based not on the fact that the plaintiff was once in prison, but that he was not in prison at the time he filed the §1983 action thereby precluding habeas relief. *See Beckway v. DeShong*, 717 F.Supp. 2d 908, 916 (N.D. Cal. 2010) (interpreting *Nonnette* to apply not only to *former* prisoners, but to any plaintiff who is not incarcerated and, therefore, cannot petition for habeas relief).

(*Boone*, 2013 U.S. Dist. LEXIS 198451, at *7–8)

In summary, for all of the reasons set forth above, Plaintiff urges this Court to hold that the express language of Justice Souter's opinion in *Spencer* controls over *dicta* footnote 7 in *Nonnette*.

## Conclusion

The Complaint in this action pleads justiciable and valid claims for relief under 42 U.S.C. section 1983. The judgment of dismissal entered on August 10, 2022 should be vacated, and the case permitted to move forward.

Respectfully submitted,

Dated: August 25, 2022                    By: /s/ Violet Elizabeth Grayson

Attorney for Plaintiff
James R. Zuegel