UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES R. ZUEGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCO GARCIA, et al.,<br><br>    Defendants. | Case No. 21-cv-07538-BLF<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>[Re: ECF No. 35] |

Plaintiff James Zuegel was arrested on June 7, 2015. On September 30, 2016, he entered a guilty plea to a state misdemeanor charge. On June 6, 2017, he filed a lawsuit under 42 U.S.C. § 1983 in this Court. That lawsuit proceeded to trial, and on November 20, 2020, the jury returned a verdict for Zuegel. Zuegel appealed the Court's orders on the motions to dismiss and motion for summary judgment in that case, which appeal is still pending at the Ninth Circuit. On September 28, 2021, Zuegel filed this case, a "follow-on" to the previous case. On July 20, 2022, the Court dismissed this case and closed it, and on August 10, 2022, the Court entered Judgment.

Zuegel now seeks to set aside the Judgment. For the reasons discussed on the record at the hearing and explained below, the motion is DENIED.

**I.    BACKGROUND**

   *A.    Zuegel I*

On June 6, 2017, Zuegel filed his original lawsuit in this Court. *See Zuegel v. Mountain View Police Dep't*, No. 17-cv-3249 (N.D. Cal., filed Jun. 6, 2017) ("*Zuegel I*") ECF No. 1. The Court first evaluated Zuegel's claims in that lawsuit in April 2018 after he obtained counsel and filed an amended complaint. *See Zuegel I*, Order Granting Motion to Dismiss First Amended Complaint, ECF No. 40 ("Apr. '18 Ord."). As the Court summarized in that Order, in the

amended complaint, Zuegel asserted claims arising out of incidents occurring between May and June 2015. Zuegel alleged that on May 23, 2015, he and his wife accompanied their severely autistic son JR (and his autism service dog) to the Mountain View El Camino YMCA for a swim lesson. *Id.* at 2 (citing the amended complaint). After the lesson, as Zuegel waited for his family on one of the couches at the YMCA, two young girls sat near him on the couch and talked to Zuegel about his son's service dog. *Id.* JR emerged making loud noises, sat between Zuegel and one of the girls, and tried to "dart" away. *Id.* Zuegel grabbed JR by the back of his shirt to try to prevent him from darting away, as he normally did, and said something to the effect of "sit your butt down." *Id.* Zuegel and his family left after briefly encountering a woman who appeared to be the mother of one of the girls. *Id.*

Zuegel alleged that days later and unknown to Zuegel, the girl's mother reported to the Mountain View Police Department that a man with a service dog at the YMCA had slapped her daughter on the butt and asked her, "How old are these buns?" Apr. '18 Ord. at 2–3. The young girl corroborated these allegations in a follow-up interview, although also saying that the man did not "touch any private areas." *Id.* at 3. Based on these interviews, Officers Ward and Moore arrived at and entered Zuegel's home at 9:33 p.m. on June 7, 2015 without an arrest or search warrant and arrested Zuegel in the presence of his wife and JR after he refused to be interrogated without counsel or his wife present. *Id.* The arrest was extremely distressing to the family and caused JR to become highly agitated. *Id.* Officer Garcia led the interrogation of Zuegel at the police station. *Id.* Zuegel was confined overnight and for part of the following day until his wife posted bail. *Id.*

The Santa Clara District Attorney charged Zuegel with misdemeanor sexual battery and misdemeanor soliciting or engaging in lewd conduct in public in violation of California Penal Code §§ 242-243.4(3)(1), 647(a). Apr. '18 Ord. at 3–4. Zuegel alleged that to avoid having to register as a sex offender, on September 30, 2016, he pled no contest to misdemeanor disorderly conduct. *Id.* Zuegel was placed on probation for three years, ordered to perform 75 hours of community service, and barred from coming within 300 yards of the YMCA. *Id.*

In the amended complaint in *Zuegel I*, Zuegel asserted four state law claims against the

Defendants here, one § 1983 claim against Officers Garcia, Ward, and Moore, and one § 1983 claim against the Mountain View Police Department and City of Mountain View. Apr. '18 Ord. at 4. As is relevant here, in April 2018, this Court dismissed the § 1983 claims asserted in the First Amended Complaint, largely without leave to amend. *Id.* at 5–15. The Court found that the § 1983 claims for false arrest, lack of a warrant, coercion to consent to a search of his phone, violation of his right to remain silent, violation of his right to counsel, and violation of his due process right not to be interrogated were barred by *Heck* because establishing the basis for damages under § 1983 for those courses of conduct would necessarily demonstrate the invalidity of the underlying conviction. *Id.* at 6, 12 (citing *Heck*, 512 U.S. at 481–82). The Court held that those claims were "properly the subject of habeas corpus proceedings which [Zuegel] allege[d] he [wa]s simultaneously pursuing." *Id.* at 11, 12. The Court granted Zuegel leave to amend solely to attempt to allege a § 1983 claim based on "the circumstances surrounding the manner of the arrest"—the nighttime arrest or arrest without consent to enter absent exigent circumstances—because those courses of conduct would not demonstrate the invalidity of the plea. *Id.* at 15. Otherwise, his § 1983 claims were dismissed without leave to amend. *Id.* at 6, 11, 12, 15.

Zuegel proceeded to trial on two claims—one for warrantless entry and arrest against Officers Moore and Ward and one for *Monell* liability against the City on a failure to train theory related to the first claim. *See Zuegel I*, ECF No. 108 (denying summary judgment on those claims). On November 20, 2020, the jury returned a verdict finding that the officers did not enter Zuegel's residence in violation of the Fourth Amendment, but that they had remained inside after consent was withdrawn, thus violating the Fourth Amendment. *See Zuegel I*, ECF No. 178 at 1–2 (jury verdict). The jury found that the Fourth Amendment violation was not a result of the City's deliberate indifference for failure to train. *Id.* at 2. The jury awarded Zuegel $3,000 in total damages, with fault apportioned equally between Officers Ward and Moore. *Id.* at 2–3. The Court entered judgment on November 23, 2020. *See Zuegel I*, ECF No. 179. The Court later denied the defendants' motion for judgment as a matter of law and granted in part Zuegel's request for attorneys' fees. *See Zuegel I*, ECF No. 223. Zuegel's appeal of the Court's orders on the

motions to dismiss and motion for summary judgment is still pending at the Ninth Circuit.[1] *See* 9th Cir. No. 21-16277.

### B. Zuegel's State Habeas Proceedings

Zuegel's plea to and conviction of the state misdemeanor charge occurred on September 30, 2016. *See Zuegel I*, ECF No. 19-4; *accord* Compl. ¶ 54 (stating that Zuegel's three years of probation were completed on September 30, 2019). Zuegel filed his petition for a writ of habeas corpus in the Santa Clara County Superior Court on December 19, 2017, fifteen months after his conviction. *See* Request for Judicial Notice ("RJN") Ex. H, ECF No. 16-10, at 67–113. The Superior Court denied the writ on February 2, 2018. *See id.* at 115–19. He filed a writ of habeas corpus in the Sixth District Court of Appeal on April 2, 2018, *id.* at 121–252, which was denied on November 1, 2018, *id.* at 254. He filed his habeas petition in the Supreme Court of California on December 31, 2018. *See generally id.* The Supreme Court denied the petition on July 10, 2019—approximately two-and-a-half months before Zuegel's probation was set to end—thus exhausting Zuegel's state habeas remedies. *See* RJN Ex. I. Zuegel did not file a federal habeas petition because he "could not realistically complete" those proceedings in the limited time before his probation would end and the habeas petition would become moot. *See* Opp. at 9.

### C. *Zuegel II*

Zuegel filed this case on September 28, 2021, two days short of two years from the termination of his probation. *See* ECF No. 1 ("Compl."). Zuegel characterizes the case as a "follow-on" to *Zuegel I* that is based on the same conduct but which asserts claims that have supposedly newly "accrued" under § 1983 due to the unavailability of federal habeas relief after the termination of Zuegel's probation. *Id.* ¶¶ 1–2. The Complaint asserted four § 1983 claims: (1) against Officers Ward and Moore for arrest without probable cause, *id.* ¶¶ 55–57; (2) against Officers Ward and Moore for arrest in retaliation for assertion of constitutional rights, *id.* ¶¶ 58–60; (3) against Officer Ward and Detective Garcia for transportation to county jail for booking without probable cause, *id.* ¶¶ 61–64; and (4) against the City of Mountain View under *Monell v.*

---

[1] Defendants also filed an appeal that they later voluntarily dismissed. *See* 9th Cir. No. 21-16276.

1    *Dep't of Soc. Servs.*, 436 U.S. 658 (1978), Compl. ¶¶ 65–71.[2]  Zuegel sought compensatory and

2    punitive damages and attorneys' fees.  *Id.* at 26.

3          Defendants filed a motion to dismiss this case.  ECF No. 16-1 ("MTD").  The Court

4    granted the motion to dismiss and closed the case on July 20, 2022.  ECF No. 32 ("MTD Order").

5    The Court entered Judgment on August 10, 2022.  ECF No. 34.  On August 25, 2022, Plaintiff

6    filed a motion to set aside judgment under Federal Rules of Civil Procedure 59 and 60.  ECF No.

7    35 ("Notice of Motion"), 36 ("Motion"); *see also* ECF No. 45 ("Reply").  Zuegel also filed

8    supporting declarations from himself, ECF Nos. 38-39, and his attorney, ECF No. 37.  Defendants

9    oppose the motion.  ECF No. 44 ("Opp.").  The Court held a hearing on December 1, 2022.  *See*

10   ECF No. 47.

## II.    LEGAL STANDARD

12         Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a

13   judgment within 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  The Ninth Circuit

14   has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such

15   motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if

16   such motion is necessary to present newly discovered or previously unavailable evidence; (3) if

17   such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an

18   intervening change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

19   2011).

20         "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the

21   rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

22   conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

23   Cir. 2000) (quotation marks and citation omitted).  Rule 59(e) relief "should not be granted, absent

---

[2] The Complaint also separately asserted § 1983 claims against Gavin Newsom, Governor of California, and Rob Bonta, Attorney General of California.  *See* Compl. ¶¶ 72–91.  After those defendants moved to dismiss, Zuegel voluntarily dismissed his claims against them and the Court dismissed them from the case.  ECF No. 27.

highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890.

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for six reasons "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *2 (N.D. Cal. Apr. 18, 2012).

### III. DISCUSSION

In his opening brief, Zuegel asks the Court to "revisit the reasoning" of the MTD Order. Motion at 1. While Zuegel mentions Rules 59(e) and 60 in passing, see *id.*, as Defendants note, he does not explain why he entitled to relief under those rules, *see* Opp. at 2. Zuegel instead appears to be attempting to relitigate the issues decided on the motion to dismiss which, as stated above, is not permitted under Rules 59 and 60. In his Reply, Zuegel clarifies his theories as to why he is entitled to relief under the stringent standards in Rules 59(e) and 60(b). Zuegel argues that relief under Rule 59(e) is proper because the Court committed clear error and the circumstances of the Court's order were "highly unusual." Reply at 4-5. As to Rule 60, Zuegel states he is bringing the motion under Rule 60(b)(1) (surprise) and 60(b)(6) (extraordinary circumstances). *Id.* at 2-4.

#### A. The "In Custody" Requirement for Federal Habeas Relief

Zuegel argues that he is entitled to relief under Rule 59(e) because the Court committed clear error. Reply at 5. Zuegel states that the Court committed clear error "at least to the extent that, under controlling Ninth Circuit law, Zuegel's right to file a federal habeas petition ended along with his probation regardless of collateral consequences." *Id.*

6

1   But Zuegel is confusing two different habeas requirements. First, in order to *file* a habeas
2   petition, an individual must be in custody. *See* 28 U.S.C. § 2254; *Spencer v. Kemna*, 523 U.S. 1, 7
3   (1998) ("Spencer was incarcerated by reason of the parole revocation at the time the petition was
4   filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."). Second, and
5   separately, a habeas petition that has already been filed *may become moot* when that individual is
6   released from custody. *Spencer*, 523 U.S. at 7 ("Once the convict's sentence has expired,
7   however, some continuing injury other than the now-ended incarceration or parole—some
8   'collateral consequence' of the conviction—must exist if the suit is to be maintained."). It is thus
9   not *always* the case that a habeas petition becomes moot when an individual is released from
10  custody. *See generally id.* at 7-16.

11  Zuegel was required to file his habeas petition when he was still "in custody." And Zuegel
12  had the opportunity to file for federal habeas while he was still in custody, as his state habeas
13  proceedings terminated before his probation was terminated. He chose not to do so. He argues
14  that he did not do so because the petition would have become moot a few months later when his
15  probation ended. *See* ECF No. 28 ("MTD Opp.") at 9. But he is also incorrect that the petition
16  would have necessarily become moot upon the termination of his probation, as his conviction
17  could have had "continuing collateral consequences." *See Spencer*, 523 U.S. at 7-8. The Court's
18  analysis in the MTD Order turned on the fact that Zuegel did not diligently seek habeas relief.
19  MTD at 14-15. The Court did not state that Zuegel could have, or should have, filed for habeas
20  relief when he was no longer "in custody"; the Court's determination was based on Zuegel's
21  actions when he was still in custody. The Court did not commit clear error.

22  **B.    Zuegel's Opportunity to Be Heard**

23  Zuegel's other arguments under Rules 59(e) and 60(b)(1) and (6) are all related. Zuegel
24  argues that the Court improperly relied on reasoning that was not presented in the parties' briefs,
25  and that Zuegel therefore did not have an opportunity to be heard. Reply at 2-5. Zuegel asserts
26  that this action by the Court was "highly unusual" under Rule 59(e), and that the action constituted
27  "surprise" under Rule 60(b)(1) and an "extraordinary circumstance" under Rule 60(b)(6). *Id.* at 3-
28  5. Zuegel identifies the following legal issues from the Court's MTD Order which he suggests

7

were not briefed: (1) whether the termination of probation affected Zuegel's ability to seek habeas relief; (2) whether these arguments were waived under issue preclusion; (3) whether the diligence requirement in *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006), required Zuegel to file for federal habeas relief; (4) whether Zuegel was diligent in seeking state court habeas; (5) whether Zuegel was diligent in failing to move for reconsideration of the *Heck* dismissal and/or leave to file a third amended complaint in *Zuegel I* when probation expired; and (6) whether Zuegel's time to file a federal habeas petition expired in October 2017. *Id.* at 3.

However, most of these items were briefed on the motion to dismiss. As to the second and fifth items, Zuegel asserts that the issue of whether he should have moved for reconsideration and/or leave to file a third amended complaint, and therefore whether these arguments are waived under issue preclusion, was not argued on the motion to dismiss. Reply at 3. The Court initially stated at hearing that it was inclined to delete the issue preclusion analysis from its MTD Order on this basis. But Defendants noted that they argued on the motion to dismiss that "Zuegel never raised these arguments" in *Zuegel I*, and he could not now "try to make legal arguments that should have been raised in the First Action." MTD at 9. Zuegel makes much of the fact that Defendants did not state that Zuegel should have brought a motion for reconsideration or motion to file an amended complaint, Reply at 3, but Defendants were not required to identify the procedural mechanisms by which Zuegel could have raised these issues in *Zuegel I*. The above-quoted portion of the motion to dismiss sufficiently raised the waiver argument. The Court further notes that it did not rely on the issue preclusion analysis in deciding the motion to dismiss.

As to the third and fourth bases, Zuegel's diligence in pursuing habeas relief and the diligence requirement of *Guerrero*, Defendants did argue that *Guerrero* requires the "timely pursuit of available habeas relief [as] an important prerequisite for a section 1983 plaintiff seeking to escape the *Heck* bar." MTD at 8. Defendants further argued that *Guerrero* "held that 'self-imposed' failure to seek habeas relief was not a ground for allowing Guerrero to escape the *Heck* bar." *Id.* And Defendants also argued that Zuegel did not "diligently pursue habeas relief," specifically highlighting the time it took him to first file for habeas. *Id.* Zuegel's attorney conceded at hearing that diligence had been briefed on the motion to dismiss. And the Court notes

8

1 that Zuegel submitted a robust opposition to the diligence argument. MTD Opp. at 8.

2     The sixth issue identified by Zuegel is whether his ability to file for federal habeas expired in October 2017. Reply at 3. This is presumably referring to the Court's discussion of whether a federal habeas petition filed after exhausting state court habeas may have been outside the 1-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* MTD Order at 14-15. The Court did not determine whether a federal habeas petition would have been outside the limitations period, but rather only considered AEDPA as part of its diligence analysis. As discussed above, the diligence issue was briefed. Further, the Court notes that this analysis was not dispositive to its diligence determination.

    Finally, the first issue identified by Zuegel is that the Court stated "that Zuegel's right to file a habeas petition did not expire upon termination of probation due to collateral consequences." Reply at 3. But again, as discussed in the previous section, Zuegel is conflating the in-custody requirement for *filing* a habeas petition with the continuing case or controversy requirement for *maintaining* a habeas petition once out of custody. The Court did not state that Zuegel's right to *file* a habeas petition did not expire upon termination of probation, but instead that it would not necessarily have become moot upon termination of probation. *See* MTD Order at 9 ("Zuegel is incorrect that his federal habeas claims were mooted by the expiration of his probation."). Further, these issues were briefed on the motion to dismiss. *See, e.g.*, MTD at 8 (Defendants arguing that *Spencer* "reaffirmed that a habeas avenue is still available to attack an underlying conviction, even to a released prisoner").

    Zuegel is incorrect that the Court's MTD Order "contained so many ideas not enunciated in the" motion to dismiss. Reply at 3. Zuegel also argues that some of the issues were "mentioned [in the MTD] fleetingly, only in passing, in skeletal form." *Id.* The fact that Defendants' motion to dismiss briefing is not to Plaintiff's liking is not grounds for setting aside a judgment. Further, Zuegel makes much of the fact that he "had no opportunity to respond to the Court's own reasoning because there was no oral argument," and that he therefore "had no opportunity to be heard with respect to the Court's originally formulated reasoning." *Id.* at 3-4. He similarly claims that he "was afforded no opportunity to address the arguments dispositive of his entire case." *Id.*

9

at 4. However, as highlighted above, Zuegel did have the opportunity to be heard as to all of the arguments that the Court relied on in its analysis because those arguments were briefed. Plaintiffs are not entitled to oral argument on motions to dismiss. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b); *see, e.g.*, *Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir. 1978) ("allow[ing] motions to be determined 'upon brief written statements' . . . is unquestionably constitutional" (citation omitted)).

Because there was no lack of notice on the dispositive arguments and no lack of an opportunity to be heard, the Order was not "highly unusual" for purposes of Rule 59(e), nor did it constitute "surprise" or an "extraordinary circumstance" for purposes of Rule 60(b).

### C.  Additional Evidence

Zuegel submitted a declaration from himself and his attorney with this Motion. *See* ECF Nos. 37-39. Defendants argue that the Court should not consider these declarations, noting that Zuegel's declaration "could have, and should have, been submitted in opposition to the original Motion." Opp. at 3. Zuegel argues that the Court should consider these declarations because they are being submitted in light of the "new legal theories" in the Court's MTD Order. Reply at 5. The Court first notes that Zuegel is not basing his Rule 60 motion on Rule 60(b)(2)—newly discovered evidence. *See* Reply. Nor could he, as this evidence is not newly discovered. Because there is no basis to grant the Rule 59/60 motion, the Court need not consider this evidence.

### D.  Merits

Zuegel also makes many arguments as to the merits of the case, largely relitigating the issues decided on the motion to dismiss. Because there is no basis to set aside the judgment under Rules 59 or 60, the Court need not get to these arguments. However, the Court will address them briefly. The Court also points the parties to its full legal analysis in the MTD Order.

First, Zuegel argues that his right to file a habeas petition ended when he was released from custody. MTD at 3-5. As discussed twice above, he is correct, and the Court did not state otherwise. However, this does not affect the Court's analysis, again for the reasons discussed above.

Second, Zuegel argues that issue preclusion does not apply. MTD at 5-9. As stated above,

the Court did not rely on issue preclusion in reaching its decision on the motion to dismiss. Zuegel has not shown, or even argued, there was clear error in the Court's decision as to issue preclusion, and the Court relies on its earlier analysis. *See* MTD Order at 9-10.

Third, with regard to diligence, Zuegel argues that the diligence requirement in *Guerrero* exceeds the *Spencer* rule and, to the extent the Court requires diligence, he was diligent in his efforts to pursue habeas relief. MTD at 9-14. This issue was briefed on the motion to dismiss, and the Court gave an in-depth analysis of *Guerrero* and why Zuegel did not satisfy the diligence requirement. *See* MTD Order at 12-15. First, the Court notes that the diligence requirement in *Guerrero* does not exceed the *Spencer* rule, but was in fact derived from the *Spencer* rule, as the Ninth Circuit stated: "In following the reasoning of the concurrence in *Spencer*, we have emphasized the importance of timely pursuit of available remedies in two cases." *Guerrero*, 442 F.3d at 704. And second, Zuegel was not diligent. He waited 15 months to file for state habeas relief. *Id.* at 4. And he chose not to file for federal habeas relief when he was still in custody. *Id.* That relief may or may not have become moot when he was released from custody. Regardless, Zuegel has not shown, or even argued, there was clear error in the Court's decision as to diligence, and the Court points to its earlier analysis. *See* MTD Order at 14-15.

Finally, Zuegel argues that the Court was incorrect in its reading of *Spencer* and *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2009). MTD at 14-19. As stated in the MTD Order, in *Spencer*, the Supreme Court held that the expiration of a petitioner's sentence moots a petitioner's federal habeas petition under Article III due to a lack of a case or controversy where there are no collateral consequences from the underlying action that is challenged. Five justices agreed that:

> *Heck* did not hold that a released prisoner in Spencer's circumstances is out of court on a § 1983 claim, and for reasons explained in my *Heck* concurrence, it would be unsound to read either *Heck* or the habeas statute as requiring any result. For all that appears here, then, Spencer is free to bring a § 1983 action, and his corresponding argument for continuing habeas standing falls accordingly.

*Spencer*, 523 U.S. at 19 (Souter, J., concurring). The Ninth Circuit applied this rule in *Nonnette*. Again, as stated in the MTD Order, the plaintiff in that case brought a § 1983 action challenging the miscalculation of his prison sentence, revocation of 360 days of good-time credits, and

11

imposition of 100 days of administrative segregation in a disciplinary proceeding after Nonnette was involved in an inmate fight. 316 F.3d at 874. The Ninth Circuit decided that because Nonnette was no longer incarcerated, based on Justice Souter's concurring opinion, *Heck* did not preclude Nonnette's § 1983 action. *Id.* In a footnote later in the opinion, the Ninth Circuit noted:

> We do not share the State's concern that our holding will encourage prisoners to delay their challenges to loss of good-time credits until their release is imminent or accomplished. The possibility of release from incarceration is the strongest incentive for prisoners to act promptly to challenge such administrative action by habeas corpus after administrative remedies are exhausted. We also emphasize our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus.

*Id.* at 878 n.7 (citing *Spencer*, 523 U.S. at 7–12).

In the MTD Order, the Court discussed whether the Ninth Circuit limits the *Spencer* exception to instances involving "loss of good-time credits, revocation of parole or similar matters." MTD Order at 12-13. The Court recognized that some judges in this Circuit have rejected a strict interpretation of the footnote in *Nonnette* that would restrict availability of the *Spencer* exception to those delineated matters, while other judges have interpreted the footnote more strictly. *Compare Beckway v. DeShong*, 717 F. Supp. 2d 908, 917 (N.D. Cal. 2010) (allowing plaintiff who pleaded no contest to proceed with § 1983 claims under *Spencer* exception because he was "never incarcerated" and so "habeas is unavailable to him") and *Cole v. Doe 1 Thru 2 Officers of the City of Emeryville Police Dep't*, 387 F. Supp. 2d 1084, 1092–93 & n.2 (N.D. Cal. 2005) (rejecting narrow interpretation of the footnote because "the Ninth Circuit's focus in *Nonnette* was on the availability of the habeas remedy," not on the form of the underlying claims) *with Rouse v. Conner*, 2012 WL 2368464, at *10 (N.D. Cal. Jun. 21, 2012) (*Nonnette* "provide[s] relief from *Heck* only for 'former prisoners challenging loss of good-time credits, revocation of parole[] or similar matters,' . . . not challenges to an underlying conviction") and *Wesbecher v. Landaker*, 2008 WL 2682614, at *4 (E.D. Cal. Jul. 1, 2008) (interpreting exception as "narrow" based on *Nonnette* footnote) (citing *El v. Crain*, 560 F. Supp. 2d 932, 945 (C.D. Cal. Jun. 4, 2008)).

Zuegel now "advocates that this Court follow the language of Justice Souter's *Spencer* opinion rather than the language of the *Nonnette* footnote seven." Motion at 18. The Court first notes that the word "rather" is not appropriate because this is not an either/or situation—the Ninth Circuit in *Nonnette* was following *Spencer*, and even cited to *Spencer* in the identified footnote. *Nonnette*, 316 F.3d at 878 n.7. Regardless, this Court explicitly did not decide whether to adopt a strict interpretation of *Nonnette*, stating that it "need not decide whether *Nonnette* and *Guerrero* allow the type of claims Zuegel asserts here because even if they did, the Court finds that Zuegel did not diligently pursue 'expeditious litigation' to challenge the conduct underlying his plea." MTD Order at 14 (citing *Guerrero*, 442 F.3d at 704–05). Regardless of how the Court reads *Nonnette*, Zuegel is barred from filing for habeas relief under the diligence requirement in *Guerrero*. Again, Zuegel has not shown, or even argued, there was clear error in the Court's decision.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Zuegel's Motion to Set Aside Judgment under Rules 59/60 is DENIED.

Dated: December 2, 2022

_____
BETH LABSON FREEMAN
United States District Judge

13